1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10  ANNEMARIE BOUFFIOU,

11              Plaintiff,                        CASE NO. 14-cv-05435-JRC

12       v.                                       ORDER ON PLAINTIFF'S
                                                  COMPLAINT
13  CAROLYN W. COLVIN, Acting

14  Commissioner of the Social Security
    Administration,

15              Defendant.

16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20  Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 14, 15).

21          After considering and reviewing the record, the Court concludes that the ALJ

22  erred in finding that plaintiff performed past relevant work as a Cashier II, when plaintiff

23

24

never held such a position. As the error is not harmless, this matter should be reversed

and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, ANNEMARIE BOUFFIOU, was born in 1955 and was 54 years old on

the alleged date of disability onset of December 16, 2009 (*see* AR 41-42, 266-67, 301-

09). Plaintiff graduated from high school (AR 55).   Plaintiff has work experience as a

school bus driver, as a hairdresser, in food service, as a chef/table server and as an

owner/manager of a café (AR 351-62).

According to the ALJ, plaintiff has at least the severe impairments of

"degenerative joint disease of the hips, cervical spine, and lumbar spine; and

fibromyalgia (20 CFR 404.1520(c) and 416.920(c)" (AR 15).

At the time of the hearing, plaintiff was living with some friends in their home

(AR 45-46).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42

U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR 83-95, 96-108, 111-25, 126-40). Plaintiff's requested

hearing was held before Administrative Law Judge Robert Kingsley ("the ALJ") on

November 8, 2012 (*see* AR 36-80). On January 25, 2013, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

Security Act (*see* AR 9-29).

In plaintiff's Opening Brief, plaintiff raises many issues, including the following: (1) Whether or not the ALJ erred by basing his step four finding on an erroneous determination of plaintiff's past relevant work; (2) Whether or not the Commissioner's failure to file a complete record with this court violated the Social Security Act, violated plaintiff's constitutional right to procedural due process and violated the legal standard set forth in *Brewes*; and (3) Whether or not the new evidence submitted to the Appeals Council shows that the ALJ's decision was not supported by substantial evidence and/or that it was based on legal error (*see* Dkt. 12, pp. 1-2). Because the Court concludes that issue number one is dispositive, the remainder of the issues raised will be discussed only briefly in order to provide more direction for the ALJ.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1) Whether or not the ALJ erred by basing his step four finding on an erroneous determination of plaintiff's past relevant work**.

Plaintiff complains that the ALJ erred when he found that she has past relevant work as a Cashier II. For the reasons discussed, the Court agrees with plaintiff's argument.

At step-four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from doing past relevant work. *See* 20 C.F.R. § 404.1520(f).   If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends.  *See id.*  Plaintiff bears the burden to establish the inability to perform past work. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted).

In his written decision, the ALJ found that the "vocational expert ["VE"] identified past work as a . . . .  Cashier II (DOT #211.464-010) light, SVP 2, work" (AR 22). However, although the VE indicated that some aspects of some of plaintiff's past work included some cashiering duties that were somewhat similar to cashier work at the level of Cashier II, the record demonstrates that plaintiff never held a job as a Cashier II. For example, at one point at her administrative hearing, the VE asked plaintiff: "you weren't a cashier/checker; you were more like a deli worker" (AR 68). Plaintiff testified that she "was a fry cook" (*id.*). Next, the VE asked plaintiff: "And when you owned your own business, you mentioned that you did cashiering, customer service, ordering, bookkeeping, all of that. What kind of cashiering did you do in that job?" (*id.*). Plaintiff testified in response: "Simple, basic - - if it got difficult, I hired somebody" (*id.*).

Plaintiff argues that plaintiff's "job running her own café is not the job of Cashier II; it is a composite job that is not fully encompassed in the DOT description of the job of Cashier II" (*see* Opening Brief, Dkt. 12, p. 17 (*citing* DOT #211.462-010)).

According to the internal Social Security guideline, the POMS, "composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT." POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 01/22/2015. According to the POMS, if the ALJ "can accurately describe the main duties of [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job." *Id.* Here, the past relevant work under discussion is plaintiff's "job" as a business owner; she did not have a job as a cashier (*see* AR 68). The VE noted that plaintiff did not only cashiering, but also customer service, ordering, bookkeeping and "all of that" in this work (*see id.*). It is very clear that the work as a business owner was not past relevant work as a cashier, and it appears that the only way that the "main duties" of this work can be described accurately is by considering other DOT occupations in addition to Cashier II. According to the POMS, in this instance, plaintiff "may have performed a composite job." POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 01/22/2015. Also according to the POMS, when a claimant has past relevant work that most accurately is categorized as a composite job, there is no DOT counterpart, therefore, the ALJ should "not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'" *Id.*

According to the Supreme Court, "the rulings, interpretations and opinion of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and

litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1994). Although the Court was discussing a different agency, the opinions of the Social Security Administration in the POMS equally can provide guidance to the Court. *See id.*

The ALJ made no finding that plaintiff could perform her past relevant work as a business owner and did not find that she could do the bookkeeping and all of the duties of that past relevant work (*see* AR 22-23). Instead, the ALJ took one task from her past relevant work and treated it as a complete job (*see id.*). Defendant's argument that plaintiff also had some cashiering duties at her other jobs does not change the fact that plaintiff never appears to have had a job as a Cashier II, DOT #211.462-010.

Plaintiff also argues persuasively that "the ALJ failed to cite any support in the record for his finding that [plaintiff] ever performed the job of Cashier II at substantial gainful activity levels" (*see* Dkt. 12, p. 18). In addition, it is not clear from the record that plaintiff had enough experience cashiering to qualify as substantial gainful activity. According to relevant federal regulations, past relevant work is work that was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). For this reason, too, it is not clear that plaintiff's cashiering duties at other jobs qualifies as past relevant work. *See id.*

Therefore, for the reasons stated, the Court concludes that the ALJ's finding that plaintiff had past relevant work as a Cashier II is not supported by substantial evidence in the record as a whole.

The Court also concludes that the error is not harmless error. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context."

1 *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*,

2 *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

3 The Ninth Circuit noted that "in each case we look at the record as a whole to determine

4 [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth

5 Circuit has "adhered to the general principle that an ALJ's error is harmless where it is

6 'inconsequential to the ultimate non-disability determination.'" *Id.* (*quoting Carmickle v.*

7 *Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

8 Courts must review cases "'without regard to errors' that do not affect the parties'

9 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)

10 (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

11

12          Here, the ALJ concluded that plaintiff was not disabled pursuant to the Social

13 Security Act because he found that she was capable of performing past relevant work as a

14 Cashier II (AR 22). However, as it does not appear that plaintiff had any past relevant

15 work as a Cashier II, this finding is not based on substantial evidence in the record as a

16 whole. As this finding is the basis for the ultimate finding regarding non-disability, the

17 error is not harmless.

18          (2)     **Whether or not the Commissioner's failure to file a complete record
19                  with this Court violated the Social Security Act, violated plaintiff's
20                  constitutional right to procedural due process and violated the legal
                    standard set forth in *Brewes*.**
21

22          Although plaintiff contends that the "Appeals Council's failure to include in the

23 record all the evidence that [plaintiff] *submitted* to the Appeals Council violated the legal

24 standard set forth in *Brewes*," plaintiff admits that the Ninth Circuit "held that 'when the

appeals Council *considers* new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the District Court must consider when reviewing the Commissioner's final decision for substantial evidence.'" (Dkt. 12, pp. 19-20 (*citing Brewes v. Comm'r Soc. Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012) (emphases added)). Here, the Appeals Council explicitly indicated that while plaintiff submitted new evidence, this new evidence was not considered by the Appeals Council when it evaluated plaintiff's request for review due to its finding that the new evidence "is about a later time," and that "it does not affect the decision about whether [plaintiff] [was] disabled beginning on or before January 25, 2013" (AR 2). In contrast to the finding in *Brewes* that a district court must review new evidence that the Appeals Council considered and made part of the administrative record, if plaintiff desires that the Court consider new evidence that is not part of the record when plaintiff files the initiating complaint, then the Court shall look to sentence six of 42 U.S.C. § 405(g) for jurisdiction to review such evidence. *See* 42 U.S.C. § 405(g) (sentence six). This interpretation is buttressed by sentence three of the statute providing this Court with jurisdiction: "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of record including the evidence *upon which the findings and decision complained of are based*." 42 U.S.C. § 405(g) (sentence three) (emphasis added). Here, the Appeals Council indicated that it did not consider the new evidence at issue herein when making the decision to deny plaintiff's request for review, and this evidence obviously was not evidence on which the ALJ's decision reviewed herein was based, as this evidence was not before the ALJ.

1    As the new evidence plaintiff desires the Court to consider is not part of the

2    administrative record and was not considered by the Appeals Council, a finding of good

3    cause for the failure to include such evidence previously is required. *See id.* Plaintiff

4    made no such argument here, and did not request review pursuant to sentence six (*see,*

5    *e.g.*, Dkt. 15, p. 12). Therefore, the new evidence was not relied on for this decision.

6    **(3)    Whether or not the new evidence submitted to the Appeals Council**
7    **shows that the ALJ's decision was not supported by substantial**
8    **evidence and/or that it was based on legal error.**

9    For the reasons already stated, *see supra*, section 2, the Court will not consider the

10   new evidence herein. However, as this matter is reversed and remanded for further

11   consideration, this evidence may be made part of the record following remand of this

12   matter.

13   **(4)    Whether this matter should be reversed and remanded for further**
14   **administrative proceedings or with a direction to award benefits.**

15   Plaintiff argues that she should be found disabled by this Court, however,

16   defendant contends that remand for further proceedings is the appropriate remedy.

17   Because plaintiff's "entitlement to benefits is [not] clear under the applicable legal

18   rules," *Treichler v. Comm'r of Soc. Sec. Admin.*, 2014 U.S. App. LEXIS 24463 at *30

19   (9th Cir. 2014) (citations omitted), and because "the record afford[s] [a] reason to believe

20   that [plaintiff] is not, in fact, disabled," this matter should be reversed and remanded for

21   further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (footnote

22   omitted).

1

<u>CONCLUSION</u>

2

Based on the stated reasons and the relevant record, the Court **ORDERS** that this

3

matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

4

405(g) to the Acting Commissioner for further consideration consistent with this order.

5

**JUDGMENT** should be for plaintiff and the case should be closed.

6

Dated this 22nd day of January, 2015.

7

8

9

J. Richard Creatura
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 10